COURT EXHIBIT
Lemos
CASE NO. 24-CR-20295
EXHIBIT NO. A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20295-CR-BECERRA/TORRES

UNITED STATES OF AMERICA,

vs.

JOSE FELICIANO LEMOS,

        Defendant.
_____/

## STIPULATED FACTUAL PROFFER

    Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

    On or about June 26, 2024, a maritime patrol aircraft detected a Go-Fast Vessel (GFV) approximately 20 nautical miles east of Tucacas, Venezuela. The GFV had eight (8) individuals on board, four (4) outboard engines, packages on deck, and displayed no indicia of nationality.

    HNLMS GRONINGEN, which was in the area with a Law Enforcement Detachment Team ("LEDET") on board, was diverted to interdict and investigate. United States Coast Guard District 7 assumed tactical control over the HNLMS GRONINGEN and granted a Statement of No Objection for a Right of Visit boarding to stop a non-compliant vessel, including authorization to employ both warning shots and disabling fire, on a profile GFV reasonably suspected of drug smuggling.

    The HNLMS GRONINGEN, with its LEDET embarked, launching two (2) small boats (FRISCS) and a Helicopter Interdiction Tactical Squadron. The Helicopter Interdiction Tactical

Squadron signaled the occupants of the GFV to stop; however, this was ineffective. The Tactical Squadron then employed warning shots, which were also ineffective. The Helicopter Interdiction Tactical Squadron had to return to the cutter as it was running low on fuel. Consequently, the crew of the FRISCS then employed warning shots which were ineffective followed by disabling fire, which was effective. During the pursuit, the crew on the FRISCS witnessed the crew of the GFV jettisoning bales some which were later recovered. When the FRISCS arrived on scene, it gained positive control of the GFV.

During the Right of Visit questioning, the crew of the FRISCS proceeded to ask all eight individuals on board the GFV who the master or person in charge was. All eight failed to identify themselves as either the master or individual in charge. Additionally, when asked, all eight failed to make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

On board the GFV were Brayan Tochon-Lopez, Wilmer Moises Barselo, Jose Feliciano Lemos, Jesus Rodriguez, Luis Andres Zuniaga, Jorge Luis Lopez-Astudillo, Eulides Oliveros-Lugo, and Stiven Jose Flores. All eight (8) individuals on board the GFV claimed Venezuelan nationality for themselves.

The boarding team recovered a total of eight (8) bales. USCG conducted two (2) field tests on the contents of the bales which field tested positive for cocaine. The approximate at sea weight of the cocaine was 228 kilograms.

The Southeast Drug Enforcement Administration Laboratory subsequently examined the substance seized which yielded positive for cocaine.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: Sept 30, 2025          By: _____
                                 YVONNE RODRIGUEZ-SCHACK
                                 ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/25                By: _____
                                 JOSE FELICIANO LEMOS
                                 DEFENDANT

Date: 9/30/25                By: _____
                                 DAVID DONET, JR.
                                 ATTORNEY FOR DEFENDANT

3